IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
JANE DOE, by and through her        )
Guardian ad Litem, David Sisco;     )   2:13-cv-01145-GEB-CMK
DAVID SISCO; and KATHLEEN           )
WILDER,                             )
                                    )   ORDER
              Plaintiffs,           )
                                    )
        v.                          )
                                    )
WEED UNION ELEMENTARY SCHOOL        )
DISTRICT, LEEANNA RIZZO, ALISA      )
CUMMINGS, COUNTY OF SISKIYOU,       )
and DEPUTY SHERIFF CARL HOUTMAN,    )
                                    )
              Defendants.           )
_____    )
```

On June 7, 2013, Plaintiffs filed a Motion seeking "permission to file an Application for Appointment of Guardian ad Litem for Jane Doe under seal." (ECF No. 1.) However, the document Plaintiffs seek to have filed under seal was not provided to the undersigned judge as required by Local Rule 141(b).[1]

---

[1] A purpose of this requirement is to enable the Court to review in camera precisely what the movant opines should be sealed. Here, nothing was submitted to chambers for in camera consideration in connection with the sealing request other than what has been filed on the public docket.

1

Review of the motion reveals that the plaintiff referenced as "Jane Doe" is a minor,[2] and that notwithstanding Plaintiffs' non-compliance with Local Rule 141(b), Plaintiffs' underlying Application for Appointment of Guardian ad Litem for the minor plaintiff is unnecessary under Federal Rule of Civil Procedure ("Rule") 17(c).

"To maintain a suit in a federal court, a child or mental incompetent must be represented by a competent adult." T.W. by Enk v. Brophy, 124 F.3d 893, 895 (7th Cir. 1997). Rule 17(c) governs the appearance of minors and incompetent persons in federal court. Rule 17(c)(1) prescribes: "The following representatives may sue or defend on behalf of a minor or an incompetent person: (A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary." Thus Rule 17(c)(1)(A) permits a "general guardian" to sue in federal court on behalf of a minor, and "[a] parent is a guardian who may so sue." Cmty. for Equity v. Mich. High Sch. Athletic Ass'n, 26 F. Supp. 2d 1001, 1006 (W.D. Mich. 1998). Similarly, Rule 17(c)(2) prescribes:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person *who is unrepresented in an action*.

(emphasis added). The Ninth Circuit has interpreted Rule 17(c)(2) as follows:

---

[2] To the extent that this motion seeks sub silentio approval of the filing of the minor's case under a pseudonym, that portion of the motion has not been supported with applicable authority and argument and is therefore denied. Rule 17(a) prescribes that "[a]n action must be prosecuted in the name of the real party in interest." Further, Rule 5.2 provides, in pertinent part: "Unless the court orders otherwise, in a[] . . . filing with the court that contains . . . the name of an individual known to be a minor, . . . the filing may include . . . the minor's initials . . . ."

> Fed. R. Civ. P. 17(c) requires a court to take whatever measures it deems proper to protect an incompetent person during litigation. Although *the court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected*, it is under a legal obligation to consider whether the person is adequately protected.

United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986) (emphasis added). Further, other circuits have explicitly found that appointment of a guardian ad litem is not required when a minor is adequately represented by a parent. See Burke v. Smith, 252 F.3d 1260, 1264 (11th Cir. 2001) ("In the present case, [the minor] was otherwise represented by her mother who brought this action on her behalf. Thus, Rule 17(c) did not require the court to appoint a guardian ad litem."); Matter of Chi., Rock Island & Pac. R.R. Co., 788 F.2d 1280, 1282 (7th Cir. 1986) ("If [a minor] is a party and represented, the appointment of a guardian is not required, provided the representation is adequate, as it would normally be if the party was being represented by a parent as 'next friend' and there was no conflict of interest between the party and his representative." (citation omitted)); Croce v. Bromley Corp., 623 F.2d 1084, 1093 (5th Cir. 1980) ("In the instant case the [minor] was 'otherwise represented'; the child's legal guardian, his mother, brought this action on his behalf. Thus, there was no need for the court to appoint a guardian ad litem."); see also Brophy, 124 F.3d at 895 (recognizing as a matter of practice that "it is usually [a minor's representative] who . . . take[s] the initiative in suing on the child's behalf").

       Here, Plaintiffs attached as an exhibit to their motion a copy of the Complaint they assert they will file after decision is reached on

3

1  their motion.³ (ECF No. 1-2.) Review of the Complaint reveals that the
2  "natural parents" of the minor plaintiff will represent her in this
3  action. (Compl. ¶ 3.) Further, nothing in the Complaint indicates the
4  minor plaintiff's parents will not adequately protect her interests. Nor
5  is there evidence of a conflict of interest between the minor plaintiff
6  and her parents. Therefore, Plaintiffs have not shown a "need for the
7  court to appoint a guardian ad litem" in this case. Croce, 623 F.2d at
8  1093; see Matter of Chi., Rock Island & Pac. R.R. Co., 788 F.2d at 1282
9  (recognizing that representation of a minor by a parent "would normally
10 be adequate if . . . there [i]s no conflict of interest" between the
11 minor and parent).

12         This decision is made notwithstanding Local Rule 202(a), which
13 appears to require appointment of a guardian ad litem even when a minor
14 is represented by her natural parent(s). See E.D. Cal. R. 102(d) ("[T]he
15 Court in its discretion may make such orders . . . contrary to the
16 provisions of the[] [Local] Rules as it may deem appropriate and in the
17 interests of justice and case management . . . ."); E.D. Cal. R. 100(c)
18 ("These Local Rules . . . shall be construed and administered
19 consistently with and subordinately to . . . the Federal Rules of Civil
20 Procedure . . . .").
21 ///
22 ///
23 ///
24 ///

---

³ Rule 3 prescribes: "A civil action is commenced by filing a complaint with the court." It is unclear why this civil action has been commenced by the motion Plaintiffs filed. Further, Plaintiffs' Complaint, which is attached to Plaintiffs' motion, indicates that two exhibits are attached to the Complaint. See Compl. ¶ 1, ECF No. 1-2. However, no exhibits were attached as indicated.

1   For the stated reasons, Plaintiffs' motion (ECF No. 1) is
2  denied.
3  Dated: June 12, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge