IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M. S., by and through her Guardian ad Litem, David Sisco; DAVID SISCO; and KATHLEEN WILDER,<br><br>        Plaintiffs,<br><br>    v.<br><br>WEED UNION ELEMENTARY SCHOOL DISTRICT, LEEANNA RIZZO, ALISA CUMMINGS, COUNTY OF SISKIYOU, and DEPUTY SHERIFF CARL HOUTMAN,<br><br>        Defendants. | 2:13-cv-01145-GEB-CMK<br><br>DISMISSAL ORDER |

        Notwithstanding Federal Rule of Civil Procedure ("Rule") 3's instruction that "[a] civil action is commenced by filing a complaint with the court," Plaintiffs initiated this action on June 7, 2013, by filing a motion seeking "permission to file an Application for Appointment of Guardian ad Litem for [the minor plaintiff] under seal." (ECF No. 1.) Plaintiffs attached as an exhibit to their motion a copy of the Complaint they indicated they "w[ould] be filing." (Pls.' Mem. in Supp. of Mot. to Allow Docs. to be Filed under Seal of Ct. 2, ECF No. 1-1.) The undersigned judge assumed Plaintiffs would file their Complaint after obtaining a decision on their sealing motion; however, Plaintiffs have not yet filed a complaint.

        Decision on Plaintiffs' sealing motion issued on June 12, 2013, which denied the motion. The June 12th Order held, *inter alia*,

1 that "Plaintiffs' underlying Application for Appointment of Guardian ad
2 Litem for the minor plaintiff is unnecessary under Federal Rule of Civil
3 Procedure ("Rule") 17(c)." (ECF No. 7, 2:3-5.) The June 12th Order also
4 explicitly referenced Rule 3, and states: "[t]o the extent [Plaintiffs]
5 seeks sub silencio approval of [proceeding on the minor plaintiff's
6 behalf] under a pseudonym," that request is denied because justification
7 for use of a pseudonym has not been provided. (Id. at 2 n.2, 4 n.3.)[1]

8 Less than two hours after the June 12th Order was filed on the
9 public docket, Plaintiffs filed an "Exparte Application for Appointment
10 of Guardian Ad Litem for Plaintiff Jane Doe." (ECF No. 8.) This filing
11 disregarded the rulings in the June 12th Order concerning Plaintiffs'
12 failure to show justification for referencing the minor plaintiff using
13 the pseudonym "Jane Doe" and that the application for a guardian ad
14 litem was unnecessary under the circumstances known by the undersigned
15 judge. Plaintiffs' guardian ad litem application was denied in an order
16 filed June 13, 2013. (ECF No. 9.) The June 13th Order held that
17 "Plaintiffs have not shown justification to use a pseudonym on behalf of
18 the minor plaintiff," and that "Plaintiffs have not shown a 'need for
19 the court to appoint a guardian ad litem' in this case" as "explained by
20 the . . . June 12, 2013 Order." (Id. at 1:19-27 (quoting Croce v.
21 Bromley Corp., 623 F.2d 1084, 1093 (5th Cir. 1980)).)

22 Plaintiffs filed a second "Exparte Application for Appointment
23 of Guardian Ad Litem," on June 14, 2013. (ECF No. 10.) This application,
24 and the two exhibits thereto, appear to be identical to the previously-
25 filed guardian ad litem application, except that Plaintiffs now refer to

---

[1] The portion of the June 12th Order concerning the use of a pseudonym references Rule 5.2, which requires filings that contain the name of an individual known to be a minor to "include only" the minor's initials.

2

the minor plaintiff by her full name in violation of Rule 5.2(a) and Local Rule 140(a).

Since the pending guardian ad litem application (ECF No. 10) and the exhibits thereto contain identifying information in violation of Rule 5.2(a) and Local Rule 140(a), the Clerk of the Court shall remove Documents Nos. 10, 10-1, and 10-2 by deletion from the docket. See <u>CBS, Inc. v. United States Dist. Court for the Cent. Dist. of Cal.</u>, 765 F.2d 823, 825-26 (9th Cir. 1985) (ordering "improvidently filed" document removed from the record and returned to the offering party); see also <u>Fine v. Cambridge Int'l Sys., Inc.</u>, No. 12cv165 WQH (BGS), 2012 WL 2871656, at *2 (S.D. Cal. July 11, 2012) (striking a motion that contained information violating Rule 5.2 and "remov[ing the motion] from the docket").

Further, since Plaintiffs have not filed a complaint, this action is dismissed without prejudice. See Fed. R. Civ. P. 3. "[Rule 3] governs the commencement of all actions" and mandates that "the first step in an action is the filing of the complaint." Fed. R. Civ. P. 3 advisory committee's note. Therefore, the Clerk of the Court shall close this action since no complaint has been filed justifying commencement of a civil action.

IT IS SO ORDERED.

Dated: June 17, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge

3